Veirl T. HULSEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12384.

Criminal Court of Appeals of Oklahoma.

Feb. 13, 1957.

C. S. Carl, W. A. Billingsley, Wewoka, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Veirl T. Hulsey, defendant below, was charged by information in the Superior Court of Seminole County, Oklahoma, with the crime of unlawful possession of 175 grains of marihuana, 63 O.S.1951 §§ 451–452 as amended, second and subsequent offense, said crime allegedly being committed on or about the 11th day of November, 1955, in the aforesaid county and state. It appears that the information contains allegations of five prior convictions: on August 12, 1936, a conviction in the District Court of Pontotoc County on a charge of forgery in the second degree; on January 27, 1938, in the District Court of the United States for the Northern District of Oklahoma on a charge of transporting marihuana; on March 2, 1945, in the District Court for the Fifth Judicial District of New Mexico for forging a prescription for opium; on December 6, 1948, in the District Court of the United States for the Western District of Oklahoma for forging prescriptions for narcotics; and, on January 18, 1951, in the District Court for the Seventh Judicial District of Oklahoma for larceny from the person. All of the said prior convictions were alleged to have been final. The defendant was tried by a jury, convicted, and the jury left the punishment to the trial court who fixed the punishment at twelve years in the state penitentiary under the provisions of 21 O.S.1951 § 51. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

Briefly, the record, herein, discloses the following state of facts. The defendant and a lady friend were proceeding in an automobile down a main street of Seminole, Oklahoma, heading in the direction of Shawnee, and were observed by two police officers weaving down the street in a manner indicative of intoxication. The officers pursued and overtook the defendant, stopped his car, and observed that he was in an intoxicated condition. The defendant's lady friend produced from her person a partially filled bottle of whiskey which she delivered to the officers. When the officers approached the defendant's automobile, the defendant was seated therein, and when they commanded him to step out on the ground, he did so, at the same time dropping from either his person or causing to drop from the car to the pavement a jar, examination of which disclosed marihuana. When the jar fell on the pavement, it broke and the defendant attempted to kick the same under the automobile causing it to break further. The substance in the jar appeared to be marihuana and was removed from the pavement and sent to the State Chemist who confirmed the officers' suspicions and testified that there were 175 grains thereof recovered by the officers. Proof was made of the prior convictions as in the information alleged and their finality established.

■ The defendant denied that the marihuana belonged to him and was unable to produce the lady friend who was riding with him for the purpose of corroboration. A continuance was petitioned to obtain her presence as a witness, and was not erroneously denied when the state stipulated that her testimony would be that the same did not belong to the defendant.

■ It is apparent, herein, that the testimony of the officers and the testimony of the defendant presented a sharp conflict, which, it has been repeatedly held, presented a question of fact for the determination of the jury. Dodson v. State, Okl.Cr., 284 P.2d 437. The function of the Criminal Court of Appeals is limited to ascertaining whether there is a basis in the evidence on which the jury could conclude that the defendant was guilty as charged. The evidence, herein, meets the requirements of the law. Therefore, the contention of the defendant as to the insufficiency of the evidence is without merit.

■ The defendant's second contention is that the punishment imposed is excessive.

In view of the fact that the sentence imposed is only two years in excess of the minimum and five prior convictions are conclusively shown, we can find no merit in this contention. The judgment and sentence is accordingly affirmed.

POWELL and NIX, JJ., concur.